UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | Case No.: 13-CV-02004-LHK |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT |
| v. | ) ) | |
| BAUDELIA MUNGUIA, | ) ) | |
| Defendant. | ) ) | |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") moves to alter or amend the judgment of this Court against Defendant Baudelia Munguia, a/k/a Baudelia Munguia de Manriquez, individually and doing business as Los Molcajetes ("Defendant"). *See* ECF No. 16 ("Mot."). Pursuant to Civil L.R. 7-1(b), this Court finds this matter suitable for decision without oral argument and VACATES the hearing set for May 29, 2014. For the reasons set forth below, this Court DENIES Plaintiff's Motion to Alter or Amend Judgment.

**I.    BACKGROUND**

Plaintiff J & J Sports Productions, Inc. is a distributor of sports and entertainment programming, and alleges that it was granted exclusive nationwide commercial distribution rights to "Floyd Mayweather, Jr. v. Miguel Cotto, WBA Super World Light Middleweight Championship Fight Program" (the "Program"), originally telecast on Saturday, May 5, 2012. *See* Compl., ECF No. 1, ¶ 14. Plaintiff alleges that the Program was unlawfully intercepted and exhibited at

Defendant's commercial establishment, Los Molcajetes, located in San Jose, California. *Id*. ¶¶ 17-18.

On May 1, 2013, Plaintiff filed this action against Defendant for: (1) violating the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.*; (2) violating the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et seq.*; (3) conversion; and (4) violating California Business and Professions Code § 17200. ECF No. 1. Plaintiff then served Defendant with the Summons, Complaint, and related documents on June 3, 2013. ECF No. 6. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant was required to file and serve her responsive pleading on Plaintiff no later than June 24, 2013. However, Defendant failed to appear and failed to file any responsive pleading. *See* Mot. Default J., ECF No. 12-1, at 2. On July 15, 2013, after Defendant failed to respond to the Complaint, Plaintiff moved for entry of default against Defendant. ECF No. 10. On July 17, 2013, the Clerk entered default. ECF No. 11.

On July 30, 2013, Plaintiff moved this Court for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 12. On January 14, 2014, this Court entered judgment against Defendant and awarded damages in the amount of $9,900. *See* Order Granting Mot. Default J., ECF No. 15 ("Order"). Specifically, this Court awarded Plaintiff $4,200 in statutory damages, $1,500 in enhanced damages, and $4,200 for conversion. *See id*. at 7-8.

On February 11, 2014, Plaintiff moved to alter or amend the judgment of this Court with respect to its award of enhanced damages. ECF No. 16.

## II. LEGAL STANDARD

This Court may alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly[.]'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). "[A] district court enjoys considerable discretion in granting or denying the motion [to alter or amend judgment under Rule 59(e)]." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances,

2

unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id*. at 1255 (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*.

### III. DISCUSSION

In its January 14, 2014 Order, this Court found that there were approximately 80-85 patrons present during Plaintiff's investigation of Los Molcajetes and that there was a cover charge of $15. *See* Order at 7. This Court, however, found "no evidence that Defendant advertised the fight, had a minimum purchase requirement, or had a special premium on food and drink on the night of the fight." *Id*. Moreover, "Plaintiff has not submitted evidence that Defendant is a repeat offender." *Id*. Thus, taking into account the individual circumstances of the Defendant, as well as the amounts awarded by other courts in this district, this Court found an enhanced damages award of $1,500 to be adequate. *See id*. at 7-8.

Notwithstanding this Court's decision, Plaintiff requests that this Court alter or amend its prior Order, though Plaintiff does not present any newly discovered evidence or allege any change in controlling law. Rather, Plaintiff argues that this Court committed "clear error" in awarding $1,500 in enhanced damages because, according to Plaintiff, the enhanced damages award "[does] not sufficiently address the necessity of deterrence and [is] insufficient under the facts of this case. *See* Mot. at 4-7. According to Plaintiff, based on other courts' calculation of damages, the appropriate enhanced damages award is "at a minimum" $12,600—three times the amount of this Court's statutory damages of $4,200. *See* Mot. at 6.

As an initial matter, clear error is not established by arguing that another court "would have decided the case differently." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citation omitted). Instead, it requires a "definite and firm conviction that a mistake has

Case No.: 13-CV-02004-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

been committed." *Id.* (internal quotation marks and citation omitted). Courts grant reconsideration due to clear error "only if the prior decision was 'clearly' wrong." *Bull v. City & Cnty. of S.F.*, 758 F. Supp. 2d 925, 928 (N.D. Cal. 2010) (citing *Leslie Salt v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995)). "A district court does not commit clear error warranting reconsideration when the question before it is a debatable one." *Morales v. Tingey*, No. C05-3498 PJH (PR), 2010 WL 459046, at *1 (N.D. Cal. Feb. 3, 2010) (citing *McDowell*, 197 F.3d at 1256).

   Plaintiff argues that this Court's enhanced statutory damages award of $1,500 and total damages award of $9,900 "do[] not satisfy the goal of deterrence, either specific or general." Mot. at 5. Plaintiff cites to district court cases that called for "an award substantially higher than the cost Defendant would have incurred to purchase a license to lawfully exhibit the program" or awarded higher enhanced statutory damages than here. *See* Mot. at 4-5. However, this Court is not bound by any other district court decision when deciding this case. The "general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions." *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004); *ATSI Commc'ns, Inc. v. Shaar Fund*, Ltd., 547 F.3d 109, 112 (2d. Cir. 2008) ("District court decisions . . . create no rule of law binding on other courts."). Further, Plaintiff does not fully explain how this Court's $1,500 award of enhanced damages and this Court's total damages award of $9,900 fail to satisfy the goal of specific or general deterrence. Notwithstanding conceding that "this Court acknowledge[d] the necessity of deterrence" in the Order, Plaintiff fails to establish how this Court's damages award will not specifically deter Defendant and generally deter others from future piracy. *See* Mot. at 5 (stating "It may be argued that Defendant is not on notice and that, if he pirates again, he will face stiffer consequences. While Plaintiff disagrees with this approach, assuming it is valid with respect to this Defendant, this also does not take into account the issue of general deterrence."). Plaintiff's disagreement with this Court's approach and conclusory statements are not persuasive.

   Plaintiff also argues that, "there is significant evidence of willfulness and financial gain such that $1,500 in enhanced statutory damages is insufficient under the facts of this case." Mot. at 5. Plaintiff points to the fact that the Program was shown to approximately 80-85 patrons and that

4

the establishment required a $15 cover charge as "significant evidence" of willfulness and financial gain. *See* Mot. at 5. In support, Plaintiff cites to a Southern District of Texas case for the proposition that "[a] cover charge is a primary consideration of enhanced statutory damages." Mot. at 5-6 (citing *J & J Sports Productions, Inc. v. Bongo's Sports Bar, Inc.*, No. H-10-3669, 2011 WL 1496957, at *2 (S.D. Tex. Apr. 19, 2011)). Plaintiff also cites to two other courts in this district which awarded enhanced damages three to five times the statutory damages even though the defendants did not charge a cover charge. *See* Mot. at 6 (citing *Joe Hand Promotions, Inc. v. Ho*, No. C-09-01435 RMW, 2009 WL 3047321 (N.D. Cal. Sept. 18, 2009) (awarding $1,000 in statutory damages and $5,000 in enhanced damages), and *J & J Sports Productions, Inc. v. Marcaida*, No. 10-5125 SC, 2011 WL 2149923 (N.D. Cal. May 31, 2011) (finding that "an award equal to three times the price Defendant would have had to pay the program is an appropriate sanction in this case" and thus awards plaintiff $6,600 for statutory damages and enhanced damages)). However, as explained above, this Court is not bound by any other district court decision when deciding this case.

Further, Congress unambiguously granted individual courts wide discretion in fashioning enhanced damages awards based on a finding of willfulness. *See* 47 U.S.C. § 605(e)(3)(C)(ii); 47 U.S.C. § 553(c)(3)(B). This Court is not required by statute to increase damages for every act of willfulness. Rather, the plain language of the statute states that this Court "in its discretion may increase the award" if it finds willfulness. 47 U.S.C. § 605(e)(3)(C)(ii) (emphasis added); *see also* 47 U.S.C. § 553(c)(3)(B) (same). This Court notes that other courts in this district have declined to award enhanced damages even when the defendant imposed a cover charge. *See, e.g.*, *J & J Sports Productions v. Parayno*, Case No. C-12-2223 SI, 2012 U.S. Dist. LEXIS 112925, at *4-5 (N.D. Cal. Aug. 10, 2012) (awarding $5,200 in statutory damages but no enhanced damages where approximately 30 patrons were present at the defendant's establishment and the defendant imposed a $20 cover charge); *J & J Sports Prods. v. Parayno*, No. C12-04790 THE, 2013 U.S. Dist. LEXIS 33377, at *6-8 (N.D. Cal. Mar. 11, 2013) (awarding $2,000 in statutory damages but no enhanced damages where approximately 20 patrons were present at the defendant's establishment and the defendant imposed a $10 cover charge). Accordingly, just as courts in this district exercised their

5

discretion in awarding higher enhanced damages or declining to award any enhanced damages, this Court exercised its discretion to award enhanced damages of $1,500 based on the facts of this case.

Plaintiff next argues that the "the Ninth Circuit has suggested that a higher award is appropriate." Mot. at 7. In support, Plaintiff cites to *Kingsvision v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). *Id.* Plaintiff concedes *Lake Alice Bar* "does not bind this Court with respect to damages" but argues that *Lake Alice Bar* is "instructive because it is an example of the Ninth Circuit evaluating an appropriate piracy award." *Id.* However, contrary to Plaintiff's assertion, the Ninth Circuit in *Lake Alice Bar* did not state that a low five figure judgment is a proper piracy award in every circumstance. *See* Mot. at 8. The Ninth Circuit only stated, "[d]epending on the circumstances, a low five figure may be a stiff fine that deters, while a high five figure judgment puts a bar out of business." *Lake Alice Bar*, 168 F.3d at 350. Moreover, the Ninth Circuit vacated the district court order reducing a judgment from $80,400 to $4,000 not because it was too low, but because the Ninth Circuit determined that the district court's procedure of reducing the judgment was incorrect. *Id.* at 349-51. The Ninth Circuit remanded so that both sides may be heard on the appropriate amount of any reduction in the judgment. *Id*. at 352. Plaintiff has not suggested that this Court's procedures were incorrect. Accordingly, *Lake Alice Bar* is inapposite.

As this Court's discretion to award enhanced damages in this case is statutorily derived, and as this Court remained within its discretion in awarding an enhanced damages award based on the individual circumstances of Defendant and the awards of other courts in this district, this Court did not commit clear error as would justify altering or amending the judgment. Plaintiff has failed to cite any authority—much less binding authority—establishing otherwise. Plaintiff has failed to show anything more than a disagreement with this Court's exercise of its discretion. *Westlands Water Dist.*, 134 F. Supp. 2d at 1131.[1]

---

[1] Plaintiff also requests that, to the extent necessary, this Court should award damages under 47 U.S.C. § 605, not 47 U.S.C. § 553. *See* Mot. at 7-8. In this Court's Order, this Court found that it was unnecessary to determine whether 47 U.S.C. §§ 605 or 553 applies to this case because both statutes provide a discretionary range of possible damage awards that are, in part, overlapping. *See* Order at 4-5. Specifically, the maximum statutory damages permitted for each willful violation of Section 605 is up to $100,000, *see* 47 U.S.C. § 605(e)(3)(C)(ii), whereas the maximum statutory damages permitted for each willful violation of Section 553 is up $50,000.00, *see* 47 U.S.C. § 553(c)(3)(B). As this Court declines to award enhanced statutory damages in excess of $50,000, this Court need not resolve the issue of whether it is more appropriate to apply Section 553 or

6
Case No.: 13-CV-02004-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

## IV. CONCLUSION

Plaintiff has failed to show any clear error warranting reconsideration pursuant to Rule 59(e). Accordingly, Plaintiff's Motion to Alter or Amend the Judgment is DENIED.

**IT IS SO ORDERED.**

Dated: April 17, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

Section 605 in the default judgment context. This Court notes that there is a split of authority as to this issue. *Compare J&J Sports Prods., Inc. v. Ayala*, No. 11-05437, 2012 WL 4097754, at *2 (N.D. Cal. Sept. 17, 2012), *with G&G Closed Circuit Events, LLC v. Castro*, No. 12-01036, 2012 WL 3276989, at *2 (N.D. Cal. Aug. 9, 2012).

7

Case No.: 13-CV-02004-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT